

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALEXANDRA HOWARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-463-A |
| | § | |
| GALDERMA LABORATORIES, L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Alexandra Howard, to remand. The court, having considered the motion, the response of defendant, Galderma Laboratories, L.P., the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claim

On May 19, 2017, plaintiff filed her original petition in the 153rd Judicial District Court of Tarrant County, Texas. In it, she alleged that she and defendant entered into a separation and release agreement, which provided, in pertinent part:

> The Company agrees to pay the Employee a High Performance Plan Payout of approximately $146,359.00 with 90 days following the Separation Date (December 31, 2016) provided Employee complies with the terms and conditions of the HPP Plan.

Doc.[1] 1-5 at ¶ 9. Further, plaintiff had received an "HPP Plan gross payment of $84,089.00" but defendant had failed and refused to pay the balance of $62,270.00. Id. Plaintiff sued for breach of contract.

On June 8, 2017, defendant filed its notice of removal, bringing the action before this court. Defendant maintained that plaintiff's claim is preeempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").

II.

Ground of the Motion

Plaintiff does not dispute that the High Performance Plan referenced in her separation agreement is an ERISA plan. She says that her claim is not preempted by ERISA because the separation agreement between her and defendant is independent of any ERISA-governed plan; the separation agreement is only applicable to plaintiff and not to a class of employees; the separation agreement is a "one time" payment and does not require ongoing supervision; and, the separation agreement does not relate to any ERISA-governed plan.[2]

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

[2] Plaintiff's first and fourth reasons appear to be the same.

2

III.

Analysis

Under the doctrine of complete preemption, when a state contract claim relates to an employee benefit plan covered by ERISA, the state law claims are completely preempted, i.e., converted into federal claims. Kramer v. Smith Barney, 80 F.3d 1080, 1082-83 (5th Cir. 1996); Whittemore v. Schlumberger Tech. Corp., 976 F.2d 922, 923 (5th Cir. 1992). ERISA, 29 U.S.C. § 1132(e)(1), grants federal courts exclusive jurisdiction in civil actions involving ERISA plans. Wilson v. Kimberly-Clark Corp., 254 F. App'x 280, 282 (5th Cir. 2007).

Here, the payment plaintiff seeks to recover is a payment under a severance agreement and not a payment required to be made under an ERISA plan. In other words, she is not seeking payment pursuant to an ERISA plan. No ongoing administrative scheme is necessary to execute the agreement between plaintiff and defendant. The agreement concerns only the two parties. Accordingly, plaintiff has shown that her lawsuit belongs in state court, where she initiated it.

IV.

Order

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted, and this action be, and is hereby, remanded

to the 153rd Judicial District Court of Tarrant County, Texas, from which it was removed.

SIGNED August 9, 2017.

_____
JOHN McBRYDE
United States District Judge